**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **TOMMY L. JOHNSON, #R01286,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 20-cv-00048-SMY |
| ) | |
| **SERGEANT RIGHTNOWAR,** ) | |
| **CORRECTIONAL OFFICER NANNIE,** ) | |
| **and WARDEN DENNISON,** [1] ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Tommy L. Johnson, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Shawnee Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He asserts claims of excessive force, denial of medical treatment, and unconstitutional conditions of confinement in violation of the Eighth Amendment and seeks monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1):   Plaintiff was waiting

---

[1] Plaintiff has identified the Defendants as John Doe AKA Rightnowar, John Doe AKA Nannie, John Doe AKA Warden Dennison. The Defendants are sufficiently identified by name in the Complaint and the exhibits to dispense with the John Doe references.

in receiving for a medical segregation cell because his cellmate had scabies. He asked Sergeant Rightnowar for a grievance form. Rightnowar thought Plaintiff wanted to write a grievance against him and yelled at Plaintiff to shut up or he would take Plaintiff to segregation. Plaintiff asked for a grievance form again. Rightnowar ordered C/O Nannie to handcuff Plaintiff and take him to segregation so they could "kick his a\*\*." Nannie forced Plaintiff against the segregation holding cage glass door. Rightnowar then ordered Nannie to uncuff Plaintiff and punched him in his right shoulder, which exacerbated a preexisting injury. Rightnowar yelled, threatened, and assaulted Plaintiff and told him to swing back on him in an attempt to provoke a fight. Nannie stood by and did nothing to intervene. After the incident, Rightnowar and Nannie denied Plaintiff medical treatment. Nannie then placed Plaintiff in a cold cell with a broken open window.

Based on the allegations in the Complaint, the Court finds it convenient to designate the following Counts in this *pro se* action:

**Count 1:** **Eighth Amendment excessive force and/or failure to protect/intervene claim against Rightnowar and Nannie for the incident on June 12, 2019.**

**Count 2:** **Eighth Amendment deliberate indifference claim against Rightnowar and Nannie for denying Plaintiff medical treatment for the injuries caused during the incident on June 12, 2019.**

**Count 3:** **Eighth Amendment unconstitutional conditions of confinement claim against Nannie for placing Plaintiff in a cold cell with a broken open window.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be

2

granted if it does not plead "enough facts to state a claim that is plausible on its face.").

### Preliminary Dismissals

Plaintiff identifies Warden Dennison as a defendant in the case caption but makes no allegations against him. He asks that the Warden be included as a defendant for purposes of discovery aimed at identifying the Doe Defendants. There are no Doe Defendants and, therefore, Warden Dennison is not a necessary party and will be dismissed.

### Discussion

#### Count 1

The Eighth Amendment protects prisoners from being subjected to cruel and unusual punishment. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). "Correctional officers violate the Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018) (internal citations and quotation marks omitted). A bystander to the use of excessive force can be held liable under section 1983 for failure to intervene if a Plaintiff can show that the officer: (1) had reason to know that a fellow officer was using excessive force or committing a constitutional violation; and (2) had a realistic opportunity to intervene to prevent the act from occurring. *See Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). Plaintiff's Complaint includes sufficient allegations to proceed on excessive force and failure to protect/intervene claims in Counts 1 against Defendants Rightnowar and Nannie.

#### Count 2

An Eighth Amendment claim based on the denial of medical care requires a plaintiff to show that (1) his medical condition was sufficiently serious, and (2) the defendants acted with deliberate indifference to his medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475-76 (7th Cir. 2017).

The Complaint contains allegations sufficient to proceed on the deliberate indifference claim in Count 2 against Defendants Rightnowar and Nannie for the denial of medical treatment for the injuries caused during the incident on June 12, 2019.  *See Cooper v. Casey*, 97 F.3d 914 (7th Cir. 1996) (failure to obtain medical assistance for an inmate who has been assaulted may constitute deliberate indifference to a serious medical need).

### Count 3

Prisoners are entitled to "the minimal civilized measure of life's necessities," including adequate shelter.  *Farmer v. Brennan,* 511 U.S. 825, 833–34 (1994).  At the screening stage, the allegations that Plaintiff was placed in a cold cell with a broken window are sufficient to proceed on the unconstitutional conditions of confinement claim in Count 3 against Nannie.

### Disposition

**IT IS HEREBY ORDERED** that Counts 1 and 2 will proceed against Rightnowar and Nannie and Count 3 will proceed against Nannie.  Warden Dennison is **DISMISSED** without prejudice and the Clerk of Court is **DIRECTED** to **TERMINATE** him as a defendant.

The Clerk of Court shall prepare for Sergeant Rightnowar and Correctional Officer Nannie: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer

shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 8, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

**<u>Notice to Plaintiff</u>**

       The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.